IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EDWARDS VACUUM, LLC**, | Case No. 3:20-cv-1681-AC |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **HOFFMAN INSTRUMENTATION SUPPLY, INC. d/b/a/ HIS INNOVATIONS GROUP, MARK ROMEO, JEFFREY SCHWAB, JOSHUA RATCHFORD, COLLIN MUNDUS, ELISHA LEVETON, RICHARD DATE, JONATHAN DIRKSEN, JOHN CHADBOURNE, ANDREW ENSELEIT, TRAVIS HOVDE, CHAD COOK, TOBY DOUGLAS STANLEY, and PAUL ANDERSON**, | |
| Defendants. | |

Nicholas F. Aldrich, Jr., Scott D. Eads, and Jason A. Wrubleski, SCHWABE, WILLIAMSON & WYATT PC, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204; and John D. Vandenberg, KLARQUIST SPARKMAN LLP, One World Trade Center, Suite 1600, Portland, OR 97204. Of Attorneys for Plaintiff.

David H. Angeli, Joanna T. Perini-Abbott, Edward A. Piper, and Michelle Holman Kerin, ANGELI LAW GROUP LLC, 121 SW Morrison Street, Suite 400, Portland, OR 97204. Of Attorneys for Defendant Hoffman Instrumentation Supply, Inc.

Jeff S. Pitzer and Peter M. Grabiel, PITZER LAW, 210 SW Morrison Street, Suite 600, Portland, OR 97204. Of Attorneys for Defendants Mark Romeo, Jeffrey Schwab, Joshua Ratchford, Collin Mundus, Elisha Leveton, Richard Date, Jonathan Dirksen, John Chadbourne, Andrew Enseleit, Travis Hovde, Chad Cook, Toby Douglas Stanley, and Paul Anderson.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

Plaintiff Edwards Vacuum, LLC (Edwards) brings this lawsuit against Hoffman Instrumentation Supply, Inc., doing business as HIS Innovations Group (HIS), and 13 individual employees of HIS formerly employed by Edwards (the Individual Defendants). Edwards alleges misappropriation of trade secrets, breach of contract, tortious interference with economic relations, conversion, breach of the duty of loyalty, civil conspiracy, and unjust enrichment. Earlier in this action, the Court entered a two-tiered Stipulated Interim Protective Order (Protective Order). In addition, Edwards moved for a preliminary injunction, seeking to enjoin HIS from making, selling, offering to sell, shipping, or otherwise using any product containing Edwards's asserted trade secrets. The parties are engaged in expedited discovery in preparation for the preliminary injunction hearing, which is scheduled to begin March 10, 2021. Now before the Court is Defendants' Motion to Compel De-Designation of Certain Deposition Testimony, which Plaintiffs have designated as either "Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only" under the Protective Order. For the reasons stated below, the Court grants in part Defendants' motion.

## STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure establishes the scope of civil discovery in federal court. That rule provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). In addition, Rule 26(c)(1) allows a court to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Among other things, that rule specifically allows a court to forbid disclosure or discovery, specify the terms for disclosure or discovery, prescribe a discovery method other than the one selected by the party seeking discovery, prohibit inquiry into certain matters, and otherwise limit the scope of disclosure or discovery. *See* Fed. R. Civ. P. 26(c)(1)(A)-(D).

Four legal principles are particularly relevant to Defendants' motion to de-designate, or redesignate, the confidentiality restrictions under the Protective Order of certain deposition testimony of Plaintiff's witnesses. First, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (allowing newspaper to intervene in sexual harassment lawsuit brought by two female police officers, so that newspaper could gain access to investigatory report commissioned by city). Rule 26(c)(1), however, "authorizes a district court to override this presumption where 'good cause' is shown." *Id.*; *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").[1]

---

[1] Edwards cites *United States v. Bundy*, 2016 WL 7030431 (D. Nev. Nov. 30, 2016), for the proposition that "the U.S. Supreme Court has long held that there is no common law or First Amendment public right of access to discovery information, let alone any presumption of a right to access." *Id.* at *2 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 36 (1984)). In *Bundy*, a newspaper and a news organization, which had been allowed to intervene in a criminal case, objected to a court's protective order and the court's finding that good cause had been shown for maintaining the confidentiality of certain documents and keeping them under seal. The court overruled the intervenors' objections. These cases have no bearing here. The news media are not seeking access to the party's materials for which good cause has been shown to maintain

Second, a party's confidentiality designations must be reasonably and narrowly tailored to protect the confidential information the party seeks to shield from further disclosure. In other words, an "across-the-board" designation is improper, even if some confidential information may be found within the broader designation. As several district courts have explained, a party misuses a protective order when it over-designates discovery materials in that way. *See, e.g.*, *In re ULLICO Inc. Litig.*, 237 F.R.D. 314, 317 (D.D.C. 2006) ("ULLICO's designation of documents as 'confidential' is governed by an overarching requirement of good faith. However, the Court finds that ULLICO violated this requirement and acted in bad faith. The documents labeled as 'confidential' not only exceed the scope of the two categories listed in the Protective Order, but also fall into categories of obviously non-confidential, publicly accessible documents . . . ."); *THK Am., Inc. v. NSK Co.*, 157 F.R.D. 637, 646 (N.D. Ill. 1993) ("Clearly, *every* public document designated as 'Attorney's Eyes Only' constitutes a flagrant violation of the Protective Order. And defendants' designation of documents predicated upon or relating to public information as 'Attorney's Eyes Only' suggests misuse of the designation." (emphasis in original)).

Third, the fact that the parties may have stipulated to a protective order is not itself a basis for sealing or otherwise restricting access to any specific discovery material. *See, e.g.*, *Gregory v. City of Vallejo*, 2014 WL 4187365, at *3 (E.D. Cal. Aug. 21, 2014) ("To the extent plaintiffs argue that sealing is proper in light of the parties' existing protective order, this argument is without merit. . . . [T]he presumption of access to court records is not rebutted simply because the court has entered the stipulated protective order." (citing *Kamakana v. City &*

---

their confidentiality. The question before the Court is whether a party in this lawsuit has met its burden of showing good cause to support an order restricting another party from disclosing materials obtained in discovery as the latter party sees fit.

*Cty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006), and *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136, 1138 (9th Cir. 2003)).

Finally, "[n]umerous courts have held that mere embarrassment, without a demonstration that the embarrassment will be particularly serious or substantial, is not enough to demonstrate good cause for a protective order." *Schoonmaker v. City of Eureka*, 2018 WL 4896177, at *1 (N.D. Cal. Oct. 9, 2018) (collecting cases) (internal quotation marks and citation omitted); *see also Welsh v. City & Cty. of San Francisco*, 887 F. Supp. 1293, 1297 (N.D. Cal. 1995) ("[A]n applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious." (internal quotation marks and citations omitted) (brackets in original)). Similarly, "[t]he general risk of public disclosure or collaborative sharing of information . . . does not by itself constitute good cause for a protective order under Rule 26(c)." *De La Torre v. Swift Transp. Co.*, 2014 WL 3695798, at *3 (E.D. Cal. July 21, 2014) (collecting cases).

## BACKGROUND

The Protective Order entered in this case provides, in relevant part:

> 3.   The parties, and any third parties that produce information requested by either party, may designate as "Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case *if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards*. . . .
>
>              \*   \*   \*
>
> 7.   Use of "Highly Confidential—Outside Attorneys' Eyes Only" designation *shall be limited to documents detailing non-public technical aspects of a party's products, processes, or methods*, including documents related to non-public aspects of product designs, specifications, manufacturing methods or processes, or product testing, *as well as documents related to nonpublic aspects of customer relationships, and future product*

PAGE 5 – OPINION AND ORDER

> *and business plans*, including information pertaining to financial forecasts. . . .
>
>        \*   \*   \*
>
> 11.    Each party reserves the right to dispute the "Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only" designation applied by any other party or third party in accordance with this Interim Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or third party, the party shall confer in good faith with counsel for the designating party. As part of that conferral, the designating party must assess in good faith whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Interim Protective Order covers the document in dispute. *Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed.* A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

ECF 14 (emphasis added).

## DISCUSSION

Between December 18 and December 23, 2002, Defendants took the depositions of at least the following four witnesses for Plaintiffs: Mark Prusiecki; Jacob Goeke; Scott Balaguer; and Glen Stevick, Ph.D., P.E. After Plaintiff received the transcripts of these depositions, Plaintiff designated by page and line number numerous questions and answers as either "Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only." These designations trigger enhanced protections and disclosure restrictions under the Protective Order, with information designated as "Highly Confidential—Outside Attorneys' Eyes Only" having greater disclosure restrictions than information designated merely as "Confidential."

PAGE 6 – OPINION AND ORDER

In their motion, Defendants argue that many of Plaintiff's designations of "Highly Confidential—Outside Attorneys' Eyes Only" should be de-designated entirely (*i.e.*, not even treated as "Confidential") or at least redesignated to "Confidential." Defendants also argue that many of Plaintiff's designations of "Confidential" should be de-designated and not treated as "Confidential" at all. As the Court understands Defendants' motion, one nuance is important to note. In several of the deposition questions and answers at issue in the pending motion, the questioner mentions, or the witness discusses, a specific document, or deposition exhibit. Defendants have not requested any de-designation or redesignation of the confidential status of any of these deposition exhibits. Accordingly, the Court's rulings provided below affect only the confidential treatment under the Protective Order of the deposition questions and answers themselves (including any objections or colloquy among counsel) contained on the identified deposition transcript pages. The confidential status of the underlying exhibits remain precisely as the parties have designated them.

Finally, in Edwards's response to Defendants' motion, Edwards agrees to the redesignation or de-designation of certain portions of the deposition testimony at issue. *See* ECF 108 at Appendix A. In the rulings shown below, the Court has **bolded** the rulings granting, in whole or in part, Defendants' motion for de-designation or redesignation the identified testimony notwithstanding Edwards's continuing objection. The Court has not bolded its rulings below denying Defendants' motion, although the Court recognizes that Defendants have not withdrawn those portions of their motion.

**A. Deposition of Mark Prusiecki (ECF 105-3)**

Mr. Mark Prusiecki is the General Manager of the Hillsboro Product Company, a manufacturing facility in Hillsboro, Oregon owned by Edwards. On December 22, 2020, Defendants took the deposition of Mr. Prusiecki both in his personal capacity and under

PAGE 7 – OPINION AND ORDER

Rule 30(b)(6). At issue in the pending motion are approximately 28 pages that Plaintiff designated as "Confidential" (Blue) and 19 pages that Plaintiff designated as "Highly Confidential—Outside Attorneys' Eyes Only" (Pink). The Court's rulings on Defendants' motion regarding these designations are as follows:

|     | Pages | Ruling |
| --- | --- | --- |
| 1.  | 15:20-18:10 | Granted (not Confidential) |
| 2.  | 20:14-21:16 | Granted (not Confidential) |
| 3.  | 27:2-29:16 | Granted (not Confidential) |
| **4.** | **29:17-32:7** | **Granted (not Confidential)** |
| 5.  | 49:6-50:21 | Granted (not Confidential) |
| **6.** | **50:22-53:3** | **Granted (not Confidential)** |
| 7.  | 53:4-57:25 | Granted (treat as only Confidential; not HC-OAEO)[2] |
| **8.** | **58:1-64:3** | **Granted (treat as only Confidential; not HC-OAEO)** |
| 9.  | 64:4-65:5 | Granted (treat as only Confidential; not HC-OAEO) |
| 10. | 67:17-75:23 | Granted (not Confidential) |
| 11. | 81:22-86:20 | Granted (not Confidential) |
| **12.** | **86:21-87:7** | **Denied; keep as Confidential** |
| **13.** | **87:8-87:20** | **Granted (not Confidential)** |
| 14. | 92:20-93:4 | Granted (treat as only Confidential; not HC-OAEO) |

**B. Deposition of Jacob Goeke (ECF 105-4)**

Mr. Jacob Goeke is the Engineering Manager for Edwards. On December 18, 2020, Defendants took the deposition of Mr. Goeke both in his personal capacity and under

---

[2] "HC-OAEO" means "Highly Confidential—Outside Attorneys' Eyes Only."

Rule 30(b)(6). At issue in the pending motion are approximately 71 pages that Plaintiff designated as "Highly Confidential—Outside Attorneys' Eyes Only" (Pink). The Court's rulings on Defendants' motion regarding these designations are as follows:

|     | Pages | Ruling |
| --- | --- | --- |
| 1.  | 21:4-21:19 | Granted (treat as only Confidential; not HC-OAEO) |
| 2.  | 21:20-22:17 | Not subject to motion; keep as HC-OAEO |
| 3.  | 22:18-24:8 | Denied; keep as HC-OAEO |
| 4.  | 24:9-15 | Not subject to motion; keep as HC-OAEO |
| 5.  | 24:16-25:11 | Denied; keep as HC-OAEO |
| 6.  | 25:12-26:20 | Granted (treat as only Confidential; not HC-OAEO) |
| 7.  | 26:21-27:15 | Denied; keep as HC-OAEO |
| 8.  | 27:16-29:11 | Granted (treat as only Confidential; not HC-OAEO) |
| **9.** | **29:12-31:17** | **Granted (treat as only Confidential; not HC-OAEO)** |
| 10. | 31:18-31:21 | Denied; keep as HC-OAEO |
| 11. | 31:22-33:10 | Granted (treat as only Confidential; not HC-OAEO) |
| 12. | 33:11-34:18 | Denied; keep as HC-OAEO |
| **13.** | **34:19-39:25** | **Granted (treat as only Confidential; not HC-OAEO)** |
| 14. | 40:1-40:8 | Granted (treat as only Confidential; not HC-OAEO) |
| 15. | 40:9-41:5 | Granted (not Confidential) |
| 16. | 79:17-80:16 | Granted (not Confidential) |
| **17.** | **83:22-84:12** | **Granted (treat as only Confidential; not HC-OAEO)** |
| **18.** | **101:18-102:6** | **Granted (not Confidential)** |
| **19.** | **102:7-105:3** | **Grant in part (treat as only Conf.; not HC-OAEO)** |
| **20.** | **105:4-105:10** | **Granted (not Confidential)** |

| | | |
|---|---|---|
| **21.** | **116:2-6** | **Denied; keep as HC-OAEO** |
| **22.** | **116:7-117:2** | **Granted (not Confidential)** |
| 23. | 127:23-128:9 | Denied; keep as HC-OAEO |
| 24. | 142:3-142:23 | Granted (treat as only Confidential; not HC-OAEO) |
| **25.** | **142:24-143:1** | **Granted (treat as only Confidential; not HC-OAEO)** |
| 26. | 143:2-144:15 | Granted (treat as only Confidential; not HC-OAEO) |
| 27. | 144:16-145:17 | Denied; keep as HC-OAEO |
| 28. | 145:18-147:3 | Granted (treat as only Confidential; not HC-OAEO) |
| 29. | 147:4-11 | Denied; keep as HC-OAEO |
| 30. | 147:12-148:3 | Granted (treat as only Confidential; not HC-OAEO) |
| 31. | 148:4-24 | Denied; keep as HC-OAEO |
| 32. | 148:25-149:5 | Granted (treat as only Confidential; not HC-OAEO) |
| 33. | 149:6-13 | Denied; keep as HC-OAEO |
| 34. | 149:14-21 | Granted (treat as only Confidential; not HC-OAEO) |
| 35. | 182:23-183:17 | Granted (not Confidential) |
| **36.** | **183:18-184:6** | **Granted (not Confidential)** |
| 37. | 186:19-24 | Granted (not Confidential) |
| 38. | 190:14-22 | Granted (not Confidential) |
| 39. | 190:23—191:1 | Denied; keep as HC-OAEO |
| 40. | 191:2-191:6 | Granted (not Confidential) |
| 41. | 191:7-23 | Granted (not Confidential) |
| 42. | 191:24-194:6 | Denied; keep as HC-OAEO |
| 43. | 194:7-195:6 | Granted (not Confidential) |

| | | |
|---|---|---|
| 44. | 195:7-197:5 | Denied; keep as HC-OAEO |
| 45. | 197:6-25 | Denied; keep as HC-OAEO |
| 46. | 198:1-25 | Denied; keep as HC-OAEO |
| 47. | 199:1-199:5 | Granted (not Confidential) |
| 48. | 205:19-206:10 | Granted (not Confidential) |
| **49.** | **206:11-208:14** | **Granted in part (treat as only Conf.; not HC-OAEO)** |
| 50. | 208:15-209:7 | Granted (not Confidential) |
| 51. | 214:7-18 | Granted (not Confidential) |
| 52. | 214:19-25 | Denied; keep as HC-OAEO |
| **53.** | **215:14-216:8** | **Granted (not Confidential)** |
| 54. | 216:9-16 | Denied; keep as HC-OAEO |
| 55. | 216:17-217:25 | Granted (not Confidential) |
| 56. | 226:5-13 | Denied; keep as HC-OAEO |
| **57.** | **233:23-235:5** | **Ruling deferred pending further briefing by the parties** |
| **58.** | **238:9-239:22** | **Ruling deferred pending further briefing by the parties** |

## C. Deposition of Scott Balaguer (ECF 105-5)

Mr. Scott Balaguer is the Vice President and General Manager of Edwards's Semiconductor Division, North America. That division focuses on supplying vacuum pumps, abatement systems, integrated subfab systems, and other products to the semiconductor manufacturing industry. On December 21, 2020, Defendants took the deposition of Mr. Balaguer both in his personal capacity and under Rule 30(b)(6). At issue in the pending motion are approximately 28 pages that Plaintiff designated as "Confidential" (Blue) and 87 pages that Plaintiff designated as "Highly Confidential—Outside Attorneys' Eyes Only" (Pink). The Court's rulings on Defendants' motion regarding these designations are as follows:

PAGE 11 – OPINION AND ORDER

|     | Pages          | Ruling                                                      |
| --- | -------------- | ----------------------------------------------------------- |
| 1.  | 17:4-22:12     | Granted (not Confidential)                                  |
| **2.**  | **22:13-25:13**    | **Granted in part (treat as only Conf.; not HC-OAEO)**          |
| 3.  | 25:14-31:8     | Granted (not Confidential)                                  |
| **4.**  | **31:9-47:6**      | **Granted in part (treat as only Conf.; not HC-OAEO)**          |
| **5.**  | **47:7-15**        | **Granted (not Confidential)**                                  |
| 6.  | 47:16-18       | For this portion, denied in part; keep as HC-OAEO           |
| **7.**  | **47:19-49:17**    | **Granted (not Confidential)**                                  |
| 8.  | 51:7-52:2      | Granted (treat as only Confidential; not HC-OAEO)           |
| 9.  | 52:3-18        | Denied; keep as HC-OAEO                                     |
| 10. | 52:19-55:18    | Granted (treat as only Confidential; not HC-OAEO)           |
| **11.** | **55:19-56:10**    | **Granted (treat as only Confidential; not HC-OAEO)**           |
| 12. | 56:11-58:5     | Granted (treat as only Confidential; not HC-OAEO)           |
| **13.** | **58:6-11**        | **Granted (treat as only Confidential; not HC-OAEO)**           |
| 14. | 58:12-61:3     | Granted (treat as only Confidential; not HC-OAEO)           |
| 15. | 61:4-12        | Denied; keep as HC-OAEO                                     |
| 16. | 61:13-63:7     | Granted (treat as only Confidential; not HC-OAEO)           |
| 17. | 102:13-105:24  | Granted (treat as only Confidential; not HC-OAEO)           |
| **18.** | **105:26-107:14**  | **Granted in part (treat as only Conf.; not HC-OAEO)**          |
| 19. | 107:15-18      | Denied; keep as HC-OAEO                                     |
| **20.** | **107:19-110:19**  | **Granted in part (treat as only Conf.; not HC-OAEO)**          |
| 21. | 110:20-129:15  | Granted (treat as only Confidential; not HC-OAEO)           |
| 22. | 129:16-132:8   | Granted (treat as only Confidential; not HC-OAEO)           |
| **23.** | **132:9-134:3**    | **Granted (treat as only Confidential; not HC-OAEO)**           |

| # | Range | Ruling |
|---|---|---|
| **24.** | **144:16-145:14** | **Granted (treat as only Confidential; not HC-OAEO)** |
| 25. | 158:3-161:21 | Granted (not Confidential) |
| 26. | 173:12-176:22 | Granted (treat as only Confidential; not HC-OAEO) |
| **27.** | **176-23-177:7** | **Granted (treat as only Confidential; not HC-OAEO)** |
| 28. | 177:8-178:17 | Granted (treat as only Confidential; not HC-OAEO) |
| **29.** | **178:18-23** | **Granted (not Confidential)** |
| 30. | 178:24-180:23 | Granted (not Confidential) |
| **31.** | **180:24-181:5** | **Granted (not Confidential)** |
| 32. | 181:6-182:1 | Granted (not Confidential) |
| 33. | 182:2-183:2 | Denied; keep as Confidential |
| 34. | 183:3-6 | Granted (not Confidential) |
| **35.** | **183:7-19** | **Granted (not Confidential)** |
| 36. | 183:20-185:9 | Granted (not Confidential) |
| **37.** | **185:10-186:16** | **Granted (not Confidential)** |
| 38. | 186:17-187:8 | Granted (not Confidential) |
| 39. | 187:9-13 | Denied; keep as Confidential |
| 40. | 187:14-190:16 | Granted (not Confidential) |
| **41.** | **190:17-191:10** | **Granted (not Confidential)** |
| 42. | 191:11—193:22 | Granted (not Confidential) |
| **43.** | **193:23-194:17** | **Granted (not Confidential)** |
| 44. | 194:18-195:12 | Granted (not Confidential) |
| **45.** | **195:13-196:17** | **Granted (not Confidential)** |
| 46. | 196:18-202:2 | Granted (not Confidential) |

**D. Deposition of Glen Stevick, Ph.D., P.E. (ECF 105-6)**

Glen Stevick, Ph.D., P.E. is a mechanical engineer and principal with Berkeley Engineering and Research, Inc. Dr. Stevick has more than 35 years of experience in failure analysis and design of structures, consumer products, and industrial equipment, specifically mechanical-electrical systems; turbines and reciprocating engines; automotive and aircraft components; offshore platforms and drilling equipment including pressure vessels, piping, and containers; blowout and breakaway devices; and pumps (including vacuum pumps) and compressor design and redesigns. On December 23, 2020, Defendants took the deposition of Dr. Stevick in his capacity as Plaintiff's retained expert witness. At issue in the pending motion are approximately 73 pages that Plaintiff designated as "Confidential" (Blue). The Court's rulings on Defendants' motion regarding these designations are as follows:

|     | Pages | Ruling |
| --- | --- | --- |
| 1.  | 10:1-2 | Granted (not Confidential) |
| 2.  | 10:3-12:5 | Granted (not Confidential) |
| **3.** | **12:6-24** | **Granted (not Confidential)** |
| 4.  | 12:25-14:1 | Granted (not Confidential) |
| **5.** | **14:2-15** | **Granted (not Confidential)** |
| 6.  | 14:16-16:5 | Granted (not Confidential) |
| 7.  | 17:24-18:12 | Granted (not Confidential) |
| **8.** | **18:13-19:5** | **Granted (not Confidential)** |
| 9.  | 19:6-20:5 | Granted (not Confidential) |
| **10.** | **20:6-19** | **Granted (not Confidential)** |
| 11. | 20:20-23:13 | Granted (not Confidential) |
| **12.** | **50:21-54:12** | **Granted (not Confidential)** |

| | | |
|---|---|---|
| 13. | 59:1-60:3 | Granted (not Confidential) |
| **14.** | **60:4-60:7** | **Granted (not Confidential)** |
| 15. | 60:8-61:12 | Denied; keep as Confidential |
| 16. | 61:13-62:24 | Granted (not Confidential) |
| 17. | 62:25-63:20 | Denied; keep as Confidential |
| 18. | 63:21-66:13 | Granted (not Confidential) |
| **19.** | **66:14-66:24** | **Granted (not Confidential)** |
| 20. | 66:25-70:5 | Granted (not Confidential) |
| **21.** | **70:9-71:2** | **Granted (not Confidential)** |
| **22.** | **83:11-84:6** | **Granted (not Confidential)** |
| **23.** | **88:23-90:25** | **Granted (not Confidential)** |
| 24. | 91:1-93:11 | Granted (not Confidential) |
| **25.** | **93:12-95:18** | **Granted (not Confidential)** |
| 26. | 100:22-109:25 | Granted (not Confidential) |
| **27.** | **110:1-7** | **Granted (not Confidential)** |
| **28.** | **110:8-111:13** | **Granted (not Confidential)** |
| 29. | 111:14-112:24 | Granted (not Confidential) |
| **30.** | **112:25-113:24** | **Granted (not Confidential)** |
| 31. | 113:25-118:4 | Granted (not Confidential) |
| **32.** | **118:5-11** | **Granted (not Confidential)** |
| 33. | 118:12-120:11 | Granted (not Confidential) |
| **34.** | **122:7-125:10** | **Granted (not Confidential)** |
| 35. | 127:14-129:8 | Granted (not Confidential) |

36. 142:5-144:2 Granted (not Confidential)

Regarding the deposition testimony of Dr. Stevick, the Court further rules that all instances of the business names "Agilent" and "Sharper Image" be either kept as HC-OAEO or else redacted.

## CONCLUSION

The Court GRANTS IN PART Defendants' Motion to Compel De-Designation of Certain Deposition Testimony (ECF 104). In addition, as discussed on the record during the hearing held on January 19, 2021, the parties have leave, after thoroughly conferring further, to seek the Court's reconsideration of any of these rulings.

**IT IS SO ORDERED**.

DATED this 19th day of January, 2021.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge